RENDERED: MARCH 22, 2018
TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

2016-SC-000370-DG
2017-SC-000084-DG

DATE 4/12/18 Kim Redmon, DC

COMMONWEALTH OF KENTUCKY      APPELLANT/CROSS-APPELLEE

ON REVIEW FROM COURT OF APPEALS
V.      CASE NO. 2014-CA-000990
HARDIN CIRCUIT COURT NO. 2006-CR-00602

WILLIAM ROY HELM, JR.      APPELLEE/CROSS-APPELLANT

## OPINION OF THE COURT BY CHIEF JUSTICE MINTON

### REVERSING AND REINSTATING

We granted the Commonwealth's motion for discretionary review to determine whether the Court of Appeals erred when it reversed the trial court's denial of William Roy Helm Jr.'s RCr[1] 11.42 post-conviction motion for a new sentencing-phase trial based upon ineffective assistance of trial counsel. Remanding for a new sentencing-phase trial for Helm, the Court of Appeals held that the trial court erred by failing to find Helm's trial counsel's performance constitutionally deficient for having advised Helm to enter into a sentencing agreement with the Commonwealth to waive jury sentencing and accept a plea agreement under which he was sentenced to the maximum

---

[1] Kentucky Rules of Criminal Procedure.

penalty to avoid potential risks to his parole eligibility and meritorious credit against his sentence. We reverse the Court of Appeals' decision because we hold that it misapplies our ineffective-assistance-of-counsel standard by failing to consider, as the trial court properly did, the totality of the circumstances of Helm's case from the perspective of an objectively reasonable trial attorney, placing too much emphasis on Helm's agreeing to the maximum penalty.

We also granted Helm's cross-motion for discretionary review to consider his argument that the trial court erred by denying his motion for relief for ineffective assistance of appellate counsel, who advised him to dismiss an earlier appeal in favor of pursuing the RCr 11.42 motion now before us on discretionary review. Because it reversed the trial court on the denial of the RCr 11.42 motion, the Court of Appeals did not reach the defective-appellate-counsel issue Helm presents to us. But we agree on discretionary review with the trial court's determination that appellate counsel's performance was not constitutionally deficient.

Accordingly, we reverse the opinion of the Court of Appeals and order that the trial court's order be reinstated.

## I. BACKGROUND.

A circuit court jury convicted Helm of five counts of second-degree rape,[2] two counts of second-degree sodomy,[3] and two counts of first-degree sexual

---

[2] Second-degree rape is a Class C felony under KRS 510.050(2), for which a maximum ten-year imprisonment sentence is imposed under KRS 532.060(2)(c).

[3] Second-degree sodomy is also a Class C felony under KRS 510.080(2).

abuse[4]. Before the guilt phase of the jury trial, Helm and the Commonwealth reached the following sentencing agreement: the trial court would sentence Helm to ten years' imprisonment for all crimes committed against each victim (there were two victims), meaning a 20-year prison sentence, to be served consecutively, with 20% parole eligibility.

The events culminating in the sentencing agreement are the source of Helm's first RCr 11.42 ineffective-assistance-of-counsel claim. As the trial court found, the trial record reflects that Helm's trial counsel and the trial court acknowledged that 20 years' imprisonment, by law, was the maximum sentence Helm could receive.[5] The parties were unsure at trial as to whether, by law, Helm's convictions would make him 85% parole eligible,[6] as opposed to the 20% eligibility that Helm wanted.

But Helm agreed to these terms partly because his trial counsel asserted that the Department of Corrections had been classifying similarly situated prisoners at 85% parole eligibility.[7] In addition to providing his own anecdotal

---

[4] First-degree sexual abuse is a Class D felony under KRS 510.110(2) because the victims in this case were not under the age of twelve, for which a maximum five-year imprisonment sentence is imposed under KRS 532.050(2)(d).

[5] *See* KRS 532.110(1)(c).

[6] In fact, Helm would fall under the 20% parole eligibility rule, not the 85% rule. The applicable version of KRS 439.3401 did not characterize Helm as being a "violent offender" for which the 85% applies because Helm was not convicted of any of the enumerated offenses in subsection (1) that characterizes a defendant as a "violent offender. So the 85% parole eligibility mandate in KRS 439.3401(3) does not apply. Rather, 501 KAR 1:030(c)'s 20% parole eligibility rule would apply.

[7] It appears that this truly is a pervasive problem. *See e.g. Mason v. Commonwealth,* 331 S.W.3d 610 (Ky. 2011); *Conley v. Commonwealth,* 2014-CA-000053-MR, 2015 WL 4598774 (Ky. App. July 31, 2015).

evidence from his experience as an attorney, Helm's counsel supported the necessity of this stipulation in the sentencing agreement because of the following language contained in the Department of Public Advocacy's trial manual:

> **WARNING!!** KRS 439.3401(1) which lists the offenses which can qualify a person as a violent offender, includes offenses which are Class C or D felonies, or even misdemeanors. For example, subsection (1)(d) says that a person is a violent offender if convicted of or has pled to, "The commission or attempted commission of a felony sexual offense described in KRS Chapter 510." Sexual abuse 1st Degree is a Class C or D felony. KRS 510.110. Attempted Sexual Abuse 1st Degree is a Class A Misdemeanor. KRS 506.010(4)(d). Although subsection (4) seems to limit 85% parole eligibility to Class A and B felonies, nevertheless, *the Department of Corrections has applied it to ALL felony sexual offenses in the past.* DPA Appeals Branch had to do a Declaratory Judgment action. So, have the judge make a finding of parole eligibility at the sentencing hearing and get an agreed order.[8]

Helm appealed the conviction as a matter of right.[9] This Court affirmed Helm's convictions, but remanded the case to correct two errors.[10] The Court determined that the trial court improperly imposed upon Helm a $1,000 fine and that Helm's sentence was illegal because of an error on the face of the judgment.[11] This judgment erroneously stated that on Count 2 Helm was convicted of second-degree rape, when he was actually convicted of first-degree sexual abuse on that Count.[12] Because of this clerical error, Helm technically

---

[8] (emphasis in original).

[9] Ky. Const. § 110(2)(b).

[10] *Helm v. Commonwealth*, 2008-SC-000716-MR, 2010 WL 4683562, *6 (Ky. Nov. 18, 2010).

[11] *Id.* at *6-7.

[12] *Id.* at *7.

4

agreed to, and the trial court imposed, an illegal sentence of 10 years' imprisonment for a Class D felony.[13]

On remand, the Commonwealth moved to amend the judgment under Kentucky Civil Rules (CR) 60.01 and/or 60.02(a) and (f), arguing that a new guilt-phase trial was unnecessary because the parties agreed to the total sentence and the error in the judgment was simply clerical in nature. The trial court agreed with the Commonwealth and entered orders amending the judgment to correct the error to reflect that Helm was convicted of first-degree sexual abuse rather than second-degree rape. This was done before Helm had an opportunity to respond to the Commonwealth's motion. Helm eventually did respond, opposing the Commonwealth's motion, arguing that it was contrary to the mandate of this Court and that he was entitled to a new guilt-phase trial because the error was not simply clerical but the basis for an illegal sentence.[14]

The trial court reviewed the sentencing proceedings and found no misunderstanding between the Commonwealth and Helm regarding his convictions and the length of his sentence. The trial court concluded that the amended judgment corrected the clerical errors and memorialized the actual

---

[13] *Id.* Per KRS 532.060(d), the maximum allowable sentence for a Class D felony is five years.

[14] While we acknowledge that our first opinion in this case stated, "the case [is] remanded for a new penalty phase or other proceedings consistent with this opinion," the opinion is littered with language stating that the case was to be remanded simply for correction of the clerical error. *Helm*, 2010 WL 4683562, at *1-6. The clear intent of the Court was to remand the case simply for the trial court to enter a judgment reflecting that the jury convicted Helm of first-degree sexual abuse and not second-degree rape.

terms of the sentencing agreement between Helm and the Commonwealth. The trial court determined that an entirely new guilty-phase trial was unnecessary.

Helm filed a direct appeal from the amended judgment, which he later successfully moved to dismiss. This decision to dismiss the appeal is the source of Helm's second ineffective-assistance-of-counsel claim. In Helm's motion to dismiss the appeal, he acknowledged that:

> The record shows that the appellant agreed to a maximum sentence of 10 years for all crimes against one victim and agreed to another maximum 10 years for all crimes against the other victim. He agreed on the record that those two ten-year periods would run consecutively for 20 years. After reducing the erroneous 10-year sentence to 5 years, the cumulative sentences for the two victims still totals at least 20 years. Thus there is no basis on this record for challenging the re-imposition of a 20-year term after correction of the clerical error.

The record also revealed an affidavit from Helm in which he admitted that appellate counsel's recommendation was correct and that he met with appellate counsel, who discussed the benefits and risks of pursuing or abandoning the appeal.

Helm then filed an RCr 11.42 motion, arguing that his trial counsel was ineffective for recommending the sentencing agreement, that his appellate counsel was ineffective for recommending dismissal of the appeal of the new judgment after remand, and that he was entitled to an evidentiary hearing on his motion. The trial court denied the motion without a hearing, concluding that Helm received a benefit from the agreement in the 20% parole eligibility secured by his counsel and the benefit of ensuring receipt of meritorious good-time credit on his sentence. Helm then appealed to the Court of Appeals. The

6

Court of Appeals agreed with Helm that his trial counsel was ineffective, remanding the case to the trial court for a new sentencing-phase trial. Because the Court of Appeals remanded the case for a new sentencing-phase trial, the Court of Appeals did not reach Helm's ineffective assistance of appellate counsel and evidentiary hearing arguments.

## II. ANALYSIS.

The United States Supreme Court stated the showing that must be made to assert and prove a successful ineffective-assistance-of-counsel claim:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction...has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable.[15]

"When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."[16] "In any case presenting an ineffectiveness claim, the performance inquiry must be whether the counsel's assistance was reasonable considering all the circumstances."[17]

---

[15] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[16] *Id.* at 687-88.

[17] *Id.* at 688.

7

"*Strickland*...calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind."[18] "Judicial scrutiny of counsel's performance must be highly deferential."[19]

The Supreme Court in *Strickland* summed up the analysis a court must undertake to decide an ineffective-assistance-of-counsel claim:

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.[20]

"The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."[21]

The U.S. Supreme Court adopted the *Strickland* test to challenges to guilty pleas based on ineffective assistance of counsel in *Hill v. Lockhart.*[22] In addition, "In cases where a defendant complains that ineffective assistance led

---

[18] *Id.* at 110. (citing *Strickland*, 466 U.S. at 688).

[19] *Id.* at 689.

[20] *Id.* at 690.

[21] *Id.* at 691.

[22] 474 U.S. 52, 58 (1985).

him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[23] The Court of Appeals in *Rigdon v. Commonwealth* expounded on the test:

> A criminal defendant may demonstrate that his guilty plea was involuntary by showing that it was the result of ineffective assistance of counsel. In such an instance, the trial court is to "consider the totality of the circumstances surrounding the guilty plea and juxtapose the presumption of voluntariness inherent in a proper plea colloquy with a *Strickland v. Washington* inquiry into the performance of counsel."[24] To support a defendant's assertion that he was unable to intelligently weigh his legal alternatives in deciding to plead guilty because of ineffective assistance of counsel, he must demonstrate the following: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professional competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.[25]

In the context of deciding whether to file an appeal, the U.S. Supreme Court in *Smith v. Robbins* stated the following as the proper standard for reviewing a defendant's ineffective assistance of counsel claim:

> [Defendant] must first show that his counsel was objectively unreasonable in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them. If [defendant] succeeds in such a showing, he then has the burden of demonstrating prejudice. That is, he must show a reasonable probability that, but

---

[23] *Missouri v. Frye*, 566 U.S. 134, 148 (2012).

[24] *Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky. 2001).

[25] *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004) (citing *Bronk*, 58 S.W.3d at 486-87).

for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal.[26]

After reviewing the record and taking into account all the rules of law regarding ineffective-assistance-of-counsel claims, we hold that the trial court did not err when it ruled that both of Helm's ineffective-assistance-of-counsel claims fail. Despite "[t]he fact that [Defendant] received the maximum sentence for the offense to which he pled guilty satisfies the requirement of prejudice,"[27] neither trial nor appellate counsel acted in an objectively unreasonable manner nor committed an error outside the wide range of professionally competent assistance so as to characterize their assistance as deficient. In addition, we agree with the trial court's observation that the benefits received by Helm from the sentencing agreement call into question whether Helm was truly prejudiced.

Regarding Helm's ineffective-assistance-of-counsel claim against trial counsel, simply stated, there was nothing unreasonable, outside the range of professional competent assistance, or erroneous about trial counsel's assistance. We cannot deem trial counsel's actions unreasonable when trial counsel advocated for Helm in reliance upon his own experience as a criminal defense attorney dealing with similarly situated defendants and upon the Department of Public Advocacy's trial manual warning trial counsel that the Department of Corrections consistently misapplied the parole-eligibility law to

---

[26] 528 U.S. 259, 285-86 (2000).

[27] *Fraser v. Commonwealth*, 59 S.W.3d 448, 457 (Ky. 2001).

similarly situated offenders. Trial counsel's fears, although unsupported according to the letter of the law, were practically objectively reasonable and not without a basis in fact, especially since this exact situation was shown to exist as reflected in a published case from this Court[28] and in other cases.[29] Trial counsel was trying to avoid a seemingly pervasive problem, that defendants were at that time subjected to incorrect parole eligibility benchmarks by the Department of Corrections, supported by the Department of Public Advocacy's Trial Manual, trial counsel's own experience, and case law, by securing an objectively favorable sentencing agreement for Helm in the face of this problem.

More importantly, in addition to the benefit of certainty regarding parole eligibility, Helm received an additional benefit from the sentencing agreement. Recall that the jury convicted Helm of two counts of second-degree rape. Because of the timing of Helm's criminal conduct, he could have been subject to the amendments to KRS 439.3401(1)(e) making any felony sex offense a violent offense.[30] Before the 2006 amendments, even with such a conviction, Helm could have still received meritorious credit of up to 10 days a month on

---

[28] *Mason v. Commonwealth*, 331 S.W.3d 610, 628-29 (Ky. 2011).

[29] *See e.g. Conley v. Commonwealth*, No. 2014-CA-000053-MR, 2015 WL 4598774, *2-3 (Ky. App. July 31, 2015).

[30] Helm testified that he had sexual intercourse with one of the victim as a present to her for her fourteenth birthday, the date of which was July 16, 2006. The 2006 amendments to KRS 439.3401(1)(e) took effect on July 12, 2006.

his sentence.[31] But after the 2006 amendments, a conviction of any felony sex offense eliminated consideration of meritorious credit.[32] And had Helm opted to continue with jury sentencing at trial, the jury could have determined that Helm's actions took place during the time period when the amendments would apply, thus denying Helm the ability to receive meritorious credit on his ultimate sentence.

Trial counsel presumably avoided this altogether and secured the benefit of meritorious credit for Helm by stipulating in the sentencing agreement that Helm's criminal conduct occurred before the amendments took effect, thus securing Helm the ability to acquire meritorious credit. Trial counsel's assistance in this sense cannot be characterized as unreasonable. Although *Fraser* would say that because Helm received the maximum possible sentence, the prejudice requirement of an ineffective assistance of counsel claim is satisfied, both the benefit of securing meritorious credit for his client and avoiding a parole eligibility classification issue support the trial court's conclusion that Helm really did receive a benefit from the sentencing agreement and was not prejudiced.

We acknowledge that the meritorious-credit rationalization made for the propriety of the settlement agreement was not discussed between trial counsel and the trial court during the trial court's colloquy with Helm about the guilty

---

[31] Under the applicable version of KRS 439.3401, subsection (1) did not characterize any of Helm's convicted offenses so as to make Helm a "violent offender." Therefore, subsection (4), the prohibition against meritorious credit, did not apply to Helm.

[32] KRS 439.3401(4) (2006).

12

plea. "Although courts may not indulge '*post hoc* rationalization' for counsel's decision making that contradicts the available evidence of counsel's actions,[33] neither may they insist counsel confirm every aspect of the strategic basis for his or her actions."[34] "There is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'"[35]

Additionally, while the meritorious-credit rationalization was never discussed in depth, it may have been mentioned--Helm's trial counsel during the sentencing hearing did state that the sentencing agreement contained "two stipulations" agreed to for the benefit of Helm. Unfortunately, Helm's trial counsel never expounded further on the second stipulation because the discussion centered on the application of the 85%-parole-eligibility rule. The second stipulation referred to by Helm's trial counsel could have been the date as to the occurrence of these crimes being July 1, 2006. This would imply that the meritorious-credit rationalization was included as part of the record in forming this agreement, unlike what the Court of Appeals concluded. The fact that this date was stipulated to in the agreement in and of itself is objective evidence of trial counsel's effectiveness in representing Helm, as it secured Helm the ability to obtain meritorious credit.

---

[33] *Wiggins v. Smith*, 539 U.S. 510, 526-27 (2003).

[34] *Harrington v. Richter*, 562 U.S. 86, 109 (2011).

[35] *Id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003)).

Regarding Helm's ineffective-assistance-of-counsel claim against appellate counsel, we find nothing unreasonable about appellate counsel's assistance. Not only was appellate counsel correct in stating that only a clerical error in the judgment needed to be corrected and that this error had absolutely no impact on the actual outcome of the case[36], Helm provided a sworn affidavit admitting this, confirming that his appellate counsel's decision was correct. In addition, Helm admitted in the affidavit that appellate counsel "explained the benefits and risks of pursuing or abandoning my appeal" and that Helm understood the benefits and risks of dismissing his appeal. Helm's appellate counsel objectively reasonably determined that filing an appellate brief in this case seeking an entirely new penalty phase would have been frivolous because the only error to correct in Helm's case was clerical, supported by our first opinion in this case.[37] Helm also cannot show a reasonable probability of success of gaining an entirely new sentencing phase on appeal either, again, because the only error needing correction was clerical.[38]

Helm received effective assistance from both his trial and appellate counsel. Therefore, Helm's claim for ineffective assistance of counsel must fail. We also affirm the trial court's correction of the clerical error in this case. The

---

[36] *See Helm*, 2010 WL 4683562 at *1-6.

[37] *Id.*

[38] While the Court of Appeals' opinion in this case may suggest that Helm did possess a reasonable probability of success on appeal, as the Court of Appeals agreed with Helm, the Court of Appeals unreasonably overlooked our previous opinion in this case that remanded this case to the trial court simply for a clerical error correction. *See Helm*, 2010 WL 4683562 at *1-6.

trial court's amended judgment now correctly states that Helm was convicted of first-degree sexual abuse instead of second-degree rape.

## III.    CONCLUSION.

We find that Helm's trial and appellate counsel provided effective assistance and that the amended order provided the necessary corrections to Helm's sentence. So we reverse the opinion of the Court of Appeals and reinstate the order of the trial court entered May 27, 2014.

All sitting. Minton, C.J.; Cunningham, Hughes, VanMeter, Venters, and Wright, JJ., concur. Keller, J., concurs in result only

COUNSEL FOR APPELLANT/CROSS-APPELLEE:

Andy Beshear
Attorney General of Kentucky

Brian Darwin Morrow
Assistant Attorney General

COUNSEL FOR APPELLEE/CROSS-APPELLANT:

Euva Denean Blandford
Department of Public Advocacy